UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BULAT SAMBUEV, | No. 1:25-cv-01814-DJC-AC |
| Petitioner, | |
| v. | ORDER |
| TONYA ANDREWS, et al., | |
| Respondents. | |

On December 21, 2025, the Court granted Petitioner's Motion for Temporary Restraining Order and directed Respondents to provide Petitioner a bond hearing. (Order (ECF No. 9).) The Court also ordered Respondents to file an Order to Show Cause as to why the Court should not issue a preliminary injunction on the same terms as the Order. (*See id.*)

At Petitioner's bond hearing, the Immigration Judge ordered Petitioner released provided Petitioner post a $25,000 bond. (Reply (ECF No. 14) at 2.) Petitioner has not posted bond and, therefore, remains in custody. (Status Report (ECF No. 11) at 1.) The government stated that it reserved appeal. (Reply at 2.)

Petitioner filed a response to this Court's Order, requesting additional relief, including immediate release or, in the alternative, a new bond hearing at which an immigration judge consider Petitioner's ability to pay. (*Id.* at 6.) Respondents filed

1  both an opposition to the preliminary injunction (ECF No. 10) and an opposition to the
2  additional relief Petitioner requests (ECF No. 15).  With their second opposition,
3  Respondents also seek dismissal of this action.  (*Id.* at 1.)
4      For the reasons stated below, a preliminary injunction is issued on the same
5  terms set forth in the Temporary Restraining Order (ECF No. 9) and Petitioner's
6  Motion for additional relief (ECF No. 14) is denied.  Additionally, the Court declines to
7  address Respondents' Motion to Dismiss (ECF No. 15) as it was not filed in accordance
8  with the Local Rules.[1]  *See* L.R. 230(b).
9  **DISCUSSION**
10  **I. Preliminary Injunction**
11      Petitioner is entitled to a preliminary injunction for the reasons set forth in this
12  Court's prior Order.  (*See* ECF No. 9.)  In response to this Court's Order to Show
13  Cause, Respondents filed a one-sentence Opposition, noting the government's
14  continued objection to the Court issuing a preliminary injunction solely for "the
15  reasons set forth in the Respondents' Opposition to the Motion for Temporary
16  Restraining Order."  (Opp'n (ECF No. 10) at 1.)  In light of Respondents' limited
17  opposition and for the reasons discussed in the Court's Order granting a temporary
18  restraining order, the Court grants a preliminary injunction on the same terms as that
19  Order (ECF No. 9).
20  **II. Additional Relief Requested by Petitioner**
21      The Court cannot grant the additional relief Petitioner requests for two reasons.
22  First, this Court lacks the authority to review the reasonableness of the amount of
23  bond set by the Immigration Judge.  Petitioner argues the amount of bond
24  undermines this Court's prior Order because the Immigration Judge did not consider
25  Petitioner's ability to pay in setting bond and, in fact, Petitioner cannot afford to pay.

---

[1] In this Order, the Court considers only the portions of ECF No. 15 that constitute a sur-reply to Petitioner's Reply.  The Court reminds Respondents that this Court normally requires parties to request the leave of the Court to file supplemental briefs or sur-replies.  (*See* Standing Order in Civil Cases at 2.) However, the Court exercises its discretion to consider Respondents' sur-reply in this instance.

(Reply at 5.) However, as this Court previously determined Petitioner is detained pursuant to Section 1226, this Court lacks the authority to review the reasonableness of the amount of bond. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) (citing 8 U.S.C. § 1226(e)) (holding court lacked authority to review reasonableness of amount of bond of individual detained pursuant to Section 1226).

Petitioner's second argument in support of additional relief is not ripe for review. Petitioner argues the government's representation that it reserved appeal could also undermine the remedy ordered by this Court as, if the government appeals, such appeal would stay the Immigration Judge's release order. (Reply at 4.) A habeas petition "cannot be used to seek relief for claims that are speculative or otherwise not ripe for review." *Van Huynh v. Bondi*, No. 2:25-cv-02093-KKE, 2025 WL 3534210, at *5 (W.D. Wash. Dec. 10, 2025) (citing *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985)). A "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)) (cleaned up). As the government has not yet appealed the Immigration Judge's bond determination, this claim is not ripe for review.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. A Preliminary Injunction shall issue on the same terms set forth in the Temporary Restraining Order (ECF No. 9).
2. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court.
3. Petitioner's Motion for additional relief (ECF No. 14) is DENIED.
4. Respondents' Motion to Dismiss (ECF No. 15) is DENIED without prejudice to filing a properly noticed motion in accordance with the Local Rules.

5. This matter is referred to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated: **January 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Sambuev25cv01814.pi